UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK SUZUKI, on Behalf of Himself and All Others Similarly Situated,<br><br>              Plaintiff,<br>  v.<br><br>HITACHI GLOBAL STORAGE TECHNOLOGIES, INC., AND DOES 1–100, inclusive,<br><br>              Defendants.<br>_____/ | No. C 06-07289 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Defendant's Motion to Dismiss and Motion to Strike** |

     Plaintiff Derek Suzuki filed this putative class action against defendants Hitachi Global Storage Technologies, Inc., and Does 1–100 on October 16, 2006 in the Superior Court for the State of California for the County of Contra Costa. On November 27, 2006 the action was removed to this court. Plaintiff filed his First Amended Complaint ("FAC") on May 21, 2007, alleging violations of California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL") under California Business and Professions Code sections 17200 et seq. and 17500 et seq., and violations of the Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750 et seq. Now before the court is defendant's motion to dismiss this action for failure to state a claim upon which relief can be granted and to strike plaintiff's class allegations. Having considered the parties' submissions and arguments, and for the reasons set forth below, the court rules as follows.

BACKGROUND[1]

I.     Factual Background

The instant action arises out of plaintiff Suzuki's purchase of a 250 gigabyte ("GB") hard disk drive ("HDD") manufactured by defendant Hitachi. FAC ¶ 82. Gigabytes can be measured using either a decimal or a binary standard. When using a decimal standard, a GB is measured using base-10 ($10^9$), which equals 1,000,000 bytes. FAC ¶ 45. Using a binary standard, however, a GB is measured using base-2 ($2^{30}$), which equals 1,073,741,824 bytes. FAC ¶ 44. Defendant's product packaging represents HDD capacity as a number of GBs, but the packaging contains no reference as to whether the capacity is measured using a decimal or binary standard. FAC ¶ 2.

Plaintiff alleges that Hitachi's use of decimal gigabytes intentionally and deceptively overstates the amount of useable storage capacity available to the consumer. FAC ¶ 4. To support his argument that using decimal gigabytes is misleading, plaintiff points to the fact that standard operating systems such as Windows and Macintosh measure HDD capacity using the binary standard. FAC ¶ 4. Thus, when a consumer purchases an HDD advertised by Hitachi as "250 GB," measured in decimal (250,000,000 bytes), Windows will report that the HDD contains approximately "230 GB" by measuring the HDD in binary gigabytes. FAC ¶ 58. For Windows to report that the HDD contains "250 GB," the HDD would have to actually contain 265,435,456,000 bytes. Plaintiff alleges that by using the decimal standard to measure HDD capacity instead of the binary standard used by Windows and Macintosh, defendant has artificially inflated its HDD capacity and misled the average consumer. FAC ¶¶ 57–59.

Plaintiff further alleges that Hitachi has defined the term gigabyte on its website with the language: "Gigabyte (GB): In decimal capacity a gigabyte equals 1,000 megabytes or 1,000,000 bytes. In binary capacity a GB equals two to the thirtieth power or 1,073,741,842 in decimal notation." FAC ¶ 52. Plaintiff also points to the Hitachi website's definition of "Binary Capacity: The capacity of a hard disk drive is calculated using the value of 2 as a base rather than 10." FAC ¶ 53. Thus, plaintiff argues, Hitachi has further misled the average customer and should be estopped from denying that a gigabyte should be measured other than with a binary standard. FAC ¶ 54.

Plaintiff does not allege that he ever looked at Hitachi's website before purchasing his Hitachi HDD.

In addition to the discrepancy between decimal gigabytes and binary gigabytes, plaintiff alleges that defendant has misled its customers by failing to inform them that the HDD will require formatting and partitioning, which decreases the available capacity of the HDD. FAC ¶ 66. Plaintiff's complaint also alleges further misrepresentations in that defendant did not inform the consumer that other factors such as internal operational data storage requirements and environmental operating conditions decreases the accessible HDD capacity. FAC ¶ 69.

Plaintiff contends that he would not have purchased the HDD or paid as much for it "had he known the truth about the storage capacity for the HDD" and that he suffered material injury as a result. FAC ¶ 71. Plaintiff seeks (1) equitable and injunctive relief, including corrective packaging and advertising; (2) the recovery of damages; and (3) restitution of money wrongfully obtained by defendant for plaintiff and members of the putative class. Plaintiff alleges violations of California's Unfair Competition Law and Fair Advertising Law under California Business and Professions Code sections 17200 et seq. and 17500 et seq. Finally, plaintiff brings suit for violation of the Consumers Legal Remedies Act, Civil Code section 1750 et seq., for unfair and deceptive business practices.

II. Procedural History

Plaintiff filed this putative class action against defendants Hitachi Global Storage Technologies, Inc., and Does 1–100 on October 16, 2006 in the Superior Court for the State of California for the County of Contra Costa. On November 27, 2006, the action was removed to this court under 28 U.S.C. sections 1332(d)(2), 1441, 1446, and 1453. Pursuant to Local Rule 16-10, the court held an initial case management conference on April 17, 2007. At the April 17, 2007 conference, defendants indicated that they intended to file a motion to dismiss. Additionally, the court indicated that Plaintiff could file a First Amended Complaint in response to defendant's motion to dismiss. Accordingly, the court established a briefing schedule pursuant to Federal Rule of Civil Procedure 16(b). The court ordered that any motion to dismiss be filed by April 30, 2007. After defendant filed its motion to dismiss on April 30, 2007 plaintiff filed its opposition to the

3

motion as well as its first amended complaint on May 21, 2007.  Defendant filed its reply brief on June 4, 2007, and the motion is now submitted to the court.

LEGAL STANDARD

Under Federal Rule of Civil Procedure12(b)(6), a motion to dismiss "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In examining the claim's sufficiency, as opposed to its substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ____, 127 S. Ct. 1955, 1960 (2007).  Dismissal can be based on lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

DISCUSSION

Defendant moves to dismiss plaintiff's UCL claim on the grounds that defendant's use of decimal notation was clearly permitted by the legislature, thus immunizing defendant from liability under California's safe harbor doctrine.  In the alternative, defendant moves to dismiss plaintiff's UCL claim on the grounds that plaintiff has failed to allege causation or reliance on defendant's statements or representations.  Defendant similarly moves to dismiss plaintiff's CLRA and FAL claims for failure to allege causation or reliance.  The court will address each of defendant's

4

arguments in turn.

I.      <u>California's Safe Harbor Doctrine</u>

Under California law, a defendant is not liable under section 17200 of the California Business and Professions Code for conduct that is clearly permitted by the legislature. <u>Cel-Tech Commc'n, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal.4th 163, 182 (1999). If the legislature has permitted certain conduct, courts may not override that determination and impose their own notions as to what is fair or unfair. <u>Id.</u> If the allegedly deceptive action is neither outlawed nor affirmatively permitted, however, courts may determine whether the action is unfair under the UCL. <u>Id.</u> at 187. In the instant action, defendant argues that using the decimal standard to calculate HDD capacity is permitted, if not required, by the legislature and thus forecloses plaintiff's claim under section 17200.

Congress has declared that "[i]t shall be lawful throughout the United States of America to employ the weights and measures of the metric system." 15 U.S.C. § 204. The metric system of measurements is determined for the United States by the Secretary of Commerce. 15 U.S.C. § 205(c)(4). The Department of Commerce ("DOC") defines the prefix "mega" to mean $10^6$ and "giga" as $10^9$. 63 Fed. Reg. 40337. Furthermore, the Department of Commerce states that "[b]ecause the [International System of Units ("SI")] prefixes strictly represent powers of 10, it is inappropriate to use them to represent powers of 2. Thus 1 kbit = $10^3$ bit = 1000 bit and not $2^{10}$ = 1024 bit, where 1 kbit is one kilobit." 63 Fed. Reg. 40338. Similarly, California law provides that no contract is subject to objection because the measures expressed are measures of the metric system and defines the metric prefixes identically to federal law. Cal. Bus. & Prof. Code §§ 12301, 12313. Thus, defendant argues, plaintiff's claim fails because the product packaging stating "250 GB", measured in decimal, was clearly permitted by the legislature.

In response, plaintiff advances three arguments for why defendant's conduct does not fall within the safe harbor of <u>Cel-Tech</u>: (1) because "byte" is not a specifically enumerated SI base term, when combined with "giga" by the computer industry, "gigabyte" took on a binary meaning; (2)

Hitachi should be estopped from denying that "gigabyte" is a binary term because of its definition of binary capacity on its website; (3) the safe harbor doctrine does not apply because Hitachi's conduct was deceptive, according to a decision by the Central District of California on similar facts in Talwar v. Creative Labs, Inc., No. 05-3375 FMC (AJWx) (C.D. Cal. Aug. 11, 2006).

First, plaintiff argues that because "byte" is not a specifically enumerated SI base term, "gigabyte" has not been sufficiently defined by the DOC as to bring "gigabyte" within the safe harbor doctrine. Pl.'s Opp. at 14. Instead, plaintiff argues that the common usage of "gigabyte" as used by Microsoft and Apple should be the controlling definition. Id. at 15. However, the DOC has clearly contemplated the combination of SI prefixes with non-SI units. 63 Fed. Reg. 40339. Also, the DOC specifically states that it is "inappropriate to use [SI prefixes] to represent powers of 2." 63 Fed. Reg. 40338. Thus, to the extent that plaintiff asserts "gigabyte" is not defined by the DOC, plaintiff's argument fails.

Next, plaintiff argues that defendant should be estopped from denying that "gigabyte" is a binary measurement due to defendant's definition of binary capacity on its website. Pl.'s Opp. at 15. Plaintiff points to the fact that defendant has listed both the binary and the decimal definitions of "gigabyte." Id. Although plaintiff selectively excerpts defendant's definition of "binary capacity," defendant has also posted on its website the definition of "decimal capacity." Thus, at best, the definition of "gigabyte" on defendant's website is ambiguous. Rep. Br. at 5. Even if defendant's statements on its website could be construed as misleading, "equitable estoppel may be invoked only when the party to be estopped is apprised of the facts and intends that his or her conduct will be acted upon, and the other party is ignorant of the true facts and relies upon the conduct to his or her detriment." Hughes v. Board of Architectural Examiners, 17 Cal. 4th 763, 794 (1998). Plaintiff acknowledged at the June 25, 2007 hearing that he never looked at Hitachi's website before purchasing its hard disk drive; thus, he could not have relied on any representations defendant made, and defendant cannot be estopped as a result.

Plaintiff further contends that Hitachi's use of "gigabyte" was deceptive, thus placing Hitachi's action within the scope of action that the legislature has neither outlawed nor affirmatively

1 permitted. Cel-Tech, 20 Cal. 4th at 187 (holding that a law permitting sales below cost as a good
2 faith endeavor to meet the market prices of competitors did not also clearly permit sales of cellular
3 telephones below cost which had the effect of destroying competitors).  Plaintiff again relies on the
4 definition of "gigabyte" listed on defendant's website to argue that the legislature did not
5 contemplate a scenario in which a manufacturer lists two definitions of a measurement on its website
6 and then uses the legislatively prescribed measurement on its product packaging.  Pl.'s Opp. at 17.
7 Again, plaintiff does not allege that he ever looked at defendant's website.  Even if actual reliance[2]
8 was not necessary under the UCL, defendant's use of the decimal standard on its product packaging
9 was clearly permitted by the legislature, thus bringing it within the safe harbor doctrine of Cel-Tech.

10 Plaintiff notes that the Central District of California in Talwar v. Creative Labs, Inc.[3] denied
11 defendant's motion to dismiss a case on similar facts.  Plaintiff's Request for Judicial Notice, Exh.
12 A.  However, the order in Talwar suggests that the definition of gigabyte listed on the Creative Labs
13 website was inconsistent with the decimal notation on defendant's product packaging.  Id. at 6.
14 Here, no such direct inconsistency exists.  Even if the facts of Talwar were analogous to the instant
15 action, this court would not find the reasoning in Talwar persuasive.  The court in Cel-Tech clearly
16 stated that the application of the safe harbor doctrine "is a two-step process.  First, [the court] must
17 determine whether the Legislature has provided a safe harbor for [the] conduct.  Second, if it has not,
18 [the court] must determine whether that conduct is unfair."  Cel-Tech, 20 Cal. 4th at 187.  Because
19 the legislature has clearly permitted Hitachi to measure its HDDs in decimal notation, the court
20 "may not simply impose [its] own notions of the day as to what is fair or unfair."  Id. at 182.
21 Moreover, plaintiff acknowledged during the July 25, 2007 hearing that the entire industry of
22 storage devices, including HDDs, CD-ROMs and other add-ons, represents storage space using
23 gigabytes in the decimal measurement.  Thus, plaintiff's UCL claim fails under California's safe
24 harbor doctrine because using decimal notation to represent HDD capacity is clearly permitted by
25 the legislature.

27 II.     Causation

1    Defendant claims in the alternative that plaintiff's UCL claim fails because plaintiff has not
2 sufficiently alleged a loss of money or property as a result of Hitachi's alleged misrepresentations.
3 Given the fact that plaintiff conceded that all storage devices use decimal notation, it is useful to
4 note that plaintiff would not have been able to purchase a different HDD measured in binary instead
5 of Hitachi's HDD.[4]  Defendant also moves to dismiss plaintiff's CLRA and FAL claims on grounds
6 that plaintiff has failed to plead causation or reliance and that this defect is fatal to plaintiff's claims.

### A. Consumer Legal Remedies Act

9    The right to bring a private cause of action under the CLRA is limited to "[a]ny consumer
10 who suffers any damage as a result of the use or employment by any person of a method, act, or
11 practice declared to be unlawful by [California Civil Code] Section 1770." Cal. Civ. Code § 1780.
12 Relief under the CLRA is therefore "specifically limited to those who suffer damage, making
13 causation a necessary element of proof." Wilens v. TD Waterhouse Group, Inc., 120 Cal. App. 4th
14 746, 754 (2003).  Moreover, in order to state a claim under the CLRA for injury as a result of a
15 misrepresentation, the plaintiff must believe the alleged misrepresentation to be true. Caro v.
16 Procter & Gamble Co., 18 Cal. App. 4th 644, 668.  Defendant asserts that plaintiff has failed to
17 allege that he was injured as a result of Hitachi's misrepresentations or that plaintiff even believed
18 Hitachi's HDD was measured in binary.

19    Plaintiff has alleged that he relied on defendant's product packaging that stated the HDD had
20 250 GB of storage capacity and that he was disappointed when Windows reported that the HDD
21 only contained 230 GB.  FAC ¶ 69.  Plaintiff further contends that because Microsoft Windows
22 reports storage capacity of an HDD based on the binary standard, the average consumer would only
23 care about the number of gigabytes reported by Windows.  FAC ¶ 57.  Nowhere in plaintiff's
24 complaint, however, has he alleged that he relied on any statements or representations made by
25 Hitachi which would have indicated that Hitachi's HDD would be measured in binary gigabytes.
26 Furthermore, nowhere in plaintiff's complaint has he alleged that he actually believed Hitachi's
27 HDD was measured using binary gigabytes when purchasing it, which would be required to state a

8

claim under the CLRA. Caro, 18 Cal. App. 4th at 668.  At best, plaintiff could argue that he relied on Microsoft's definition of a gigabyte when purchasing defendant's HDD to the extent that when he used Windows to measure his HDD after purchasing it, Windows calculated its capacity as approximately 230 GB.  However, plaintiff has cited no authority which would allow the representations of a third party to be imputed to an unrelated defendant, and the court can find none. Finally, because reliance on defendant's representations is a necessary element of a claim under the CLRA, plaintiff may not allege that representations made on defendant's website were misleading, having admitted that he never saw them before making his purchase.  The only basis for plaintiff's alleged reliance is his own belief that the term gigabyte meant a GB measured in base-2 rather than base-10.  Nothing on the Hitachi packaging or other information from Hitachi misrepresented the useable storage space of the HDD.

Because plaintiff has failed to allege that he relied on representations made by Hitachi that would have indicated its HDDs were measured in binary or that plaintiff actually believed Hitachi's HDDs were measured in binary, plaintiff has failed to state a claim under the CLRA.  For the same reasons, plaintiff's argument that Hitachi misrepresented its storage capacity on the grounds that it did not indicate that formatting and partitioning were necessary also fails.

### B. Unfair Competition Law and False Advertising Law Claims

California's Unfair Competition Law, California Business and Professions Code sections 17200 et seq., and False Advertising Law, California Business and Professions Code sections 17500 et seq., were amended via a ballot initiative in November 2004.  The amendment limits those who have standing to bring a private claim under either statute to "any person who has suffered injury in fact and has lost money or property as a result of" such unfair competition or false advertising. Cal. Bus. & Prof. Code §§ 17205 & 17535. Defendant asserts that the language of the statutes requires plaintiff to plead reliance on defendant's representations in order to sustain a cause of action under the UCL or FAL.  Defendant further argues that plaintiff has failed to allege reliance on statements made by Hitachi.

Plaintiff contends that defendant has engaged in misleading advertising either because the average consumer would be confused by a box that states "250 GB," measured in decimal, or because defendant has posted definitions of both binary and decimal gigabytes on its website, making their product packaging misleading. FAC ¶¶ 52–54, 60. Plaintiff relies on Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496 (2003) for the proposition that misleading advertising should be analyzed based on whether the ordinary consumer acting reasonably under the circumstances would have been misled. Although it is necessary that a reasonable consumer would be misled to sustain a claim under the UCL and FAL, plaintiff has not alleged that he was in fact misled by any statements made by defendant or believed that he was purchasing an HDD measured in binary gigabytes. Similarly, plaintiff admits that he never looked at defendant's website or relied on defendant's definitions of binary and decimal capacity. Thus, the issue is whether actual reliance is a necessary element of a claim under the UCL and FAL. On November 1, 2006 the California Supreme Court granted review of two cases applying the actual reliance standard to the UCL and FAL, Pfizer, Inc. v. Superior Court, 45 Cal. Rptr. 3d 840 (2006) and In re Tobacco II Cases, 47 Cal. Rptr. 3d 917 (2006). It is therefore unsettled, as a matter of California law, whether actual reliance is required to plead a cause of action under the UCL and FAL.

As the state's highest court is in the process of deciding this question, it would be imprudent for the court to reach the issue at this time. Even if the California Supreme Court were to hold that actual reliance is not a necessary element, plaintiff must still show that he is an appropriate class representative by showing that he was an average consumer likely to be misled by Hitachi's advertising. It would thus be appropriate at this time for defendant to take plaintiff's deposition in order to determine whether he is an average consumer who may have been misled. Accordingly, the court reserves judgment on plaintiff's FAL claim pending plaintiff's deposition or the California Supreme Court's decisions in these cases. In order to make out a claim under the FAL, plaintiff must both be an appropriate class representative and actual reliance must not be necessary. Plaintiff's UCL claim, however, is nevertheless dismissed on the grounds that it is within California's safe harbor doctrine.

10

III.     Class Allegations

Defendant moves to strike plaintiff's class allegations on the grounds that individual issues predominate among the class. However, for plaintiff's remaining FAL claim, the court holds that defendant's motion to strike the class allegations would be more appropriately determined after defendant has taken plaintiff's deposition in order to determine whether plaintiff was an average consumer who would have been misled by Hitachi's advertising.

CONCLUSION

Defendant's motion to dismiss plaintiff's UCL and CLRA claims is GRANTED without leave to amend. Defendant's motion to dismiss plaintiff's FAL claim is DENIED without prejudice to renewal upon completion of plaintiff's deposition or resolution of the "actual reliance" standard in the California Supreme Court.

IT IS SO ORDERED.

Dated: July 16, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. All facts cited herein are taken from the complaint unless otherwise noted.

2. As discussed *infra*, it is unsettled as a matter of California law whether actual reliance is a necessary element of the Unfair Competition Law.

3. Plaintiff asks the court to take judicial notice of "Order Denying Defendant's Motion to Dismiss," filed in Talwar v. Creative Labs, Inc., No. 05-3375 FMC (AJWx) (C.D. Cal. Aug. 11, 2006). Plaintiff's Request for Judicial Notice, Exh. A. Pursuant to Federal Rules of Evidence 201, the court takes judicial notice of this order as it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b)(2); see also Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (Fogel, J.) (holding the court may take judicial notice of relevant documents). However, the court has not relied upon Exhibits B–D. Accordingly, it need not address the request for judicial notice as to these documents.

4. Defendant also alleges that plaintiff has failed to plead injury in fact because plaintiff did not allege that he used up his HDD and thus his injury was only a potential injury. Mot. at 5. However, assuming for the purposes of this issue that defendant misrepresented its HDD capacity, plaintiff has properly pled injury in fact by alleging that he would have paid less for the HDD had he believed the HDD was measured using the binary standard while the HDD was in fact measured using the decimal standard. Defendant's reliance on American Suzuki Motor Corp. v. Superior Court, 37 Cal. App. 4th 1291 is misplaced. While American Suzuki held that an unrealized potential for an automobile to roll over does not constitute injury, plaintiff has alleged that his HDD contains less capacity than advertised and that he would have paid less for a lower-capacity HDD.