UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK SUZUKI,<br><br>  Plaintiff,<br><br>  v.<br><br>HITACHI GLOBAL STORAGE TECHNOLOGIES, INC.,<br><br>  Defendant.<br>_____/ | No. C 06-7289 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Costs and Incentive Award** |

Plaintiff Derek Suzuki ("plaintiff") filed this class action alleging that defendant Hitachi Global Storage Technologies, Inc. ("defendant") misrepresents the storage capacity of its hard disk drives ("HDDs"). Docket No. 13 (First Amended Complaint ("FAC")) ¶ 2. The parties reached a settlement which the court preliminarily approved on November 24, 2009. Docket No. 29 (Order). Now before the court are plaintiff's unopposed motion for final approval of settlement and unopposed motion for award of attorneys' fees and costs, including an incentive award on behalf of plaintiff. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

Plaintiff alleges that defendant misrepresents the storage capacity of its HDDs by using a decimal rather than binary standard to represent gigabytes. FAC ¶¶ 2-4. This technical distinction is discussed in much greater detail in the court's July 17, 2007, order granting in part and denying in

part defendant's motion to dismiss. *See Suzuki v. Hitachi Global Storage Technologies, Inc.*, No. C 06-07289 MHP, 2007 WL 2070263, at *1-2 (N.D. Cal. July 17, 2007) (Patel, J.). Defendant claims that most consumers are unfamiliar with the exact meaning of "gigabyte" and refer to the representation of storage capacity on HDD packaging only to compare available HDD products. Docket No. 12 (Motion to Dismiss) at 1. Defendant also claims that it is industry practice to represent HDD storage capacity using the decimal standard. *Id.* at 1.

The parties now seek final approval of an agreed settlement, an award of attorneys' fees and costs and an incentive award on behalf of plaintiff. According to the terms of the settlement, defendant will clarify storage capacity on HDD packaging and owner's manuals that have not yet been printed, and on its website.[1] Docket No. 26 (Zysman Dec. of Oct. 7, 2009), Exh. A (Stipulation of Settlement ("Settlement")) ¶¶ 5.1 & 5.2. Defendant also agreed to pay attorneys' fees and expenses in the amount of $220,000 and a $1500 incentive award to the class representative. *Id.* ¶¶ 9.1 & 9.2.

LEGAL STANDARD

I.      Final Settlement Approval

In deciding whether to approve of a settlement, the court must determine if the settlement terms are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The court's inquiry into a consensual agreement negotiated by the parties should seek only to ensure that the settlement is fair, reasonable and adequate and not the result of fraud, over-reaching or collusion. *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982).

II.     Attorneys' Fees and Costs

Federal Rule of Civil Procedure 23(h) allows the court to award reasonable attorneys' fees and costs according to the agreement of the parties. Fed. R. Civ. P. 23(h). "[W]hether the attorneys' fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment . . . are fair and proper." *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328 (9th Cir. 1999). In common fund cases, the

district court has the discretion to use either a percentage-of-the-recovery method or lodestar method to calculate reasonable attorneys' fees. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994).

Under the percentage-of-the-recovery method, the attorneys' fees are calculated as a percentage of the common fund, with 25% established as the benchmark in the Ninth Circuit. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under the lodestar method, the lodestar amount is calculated by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *Id.* at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The lodestar may then be adjusted up or down by an appropriate multiplier, "based on factors not subsumed in the initial calculation of the lodestar," *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000), including the results obtained, the complexity of the case, the length of the litigation, and the risk involved in taking a case on a contingency basis, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). Importantly, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed" and the court may reduce the award where documentation is inadequate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In light of criticisms of the lodestar method, including concerns that the method "exacerbates the problem of 'cheap settlements' " and " 'facilitates the ability of defendants and the plaintiff's attorneys to arrange collusive settlements that exchange a low recovery for a high fee award,' " *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 30 (2000) (citations omitted), many federal courts have indicated a preference for the percentage-of-the-recovery method. *Id.* at 30-31. The Ninth Circuit has indicated approval of the use of that method even in cases lacking a distinct, traditional common fund. *See Wing v. Asarco Inc.*, 114 F.3d 986, 989-90 (9th Cir. 1997). In *Wing*, the Ninth Circuit held that the district court had not abused its discretion when it estimated the settlement value, "[p]articularly in light of the parties' agreement as to value." *Id.* at 990.

In addition, while there is a strong presumption that lodestar fees are reasonable, *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), the California Supreme Court recently upheld a trial

3

court's discretion to deny attorneys' fees altogether in an action brought under the California Fair Employment and Housing Act ("FEHA"), *Chavez v. City of Los Angeles*, No. S162313, 2010 WL 114941 (Cal. Jan. 14, 2010). The court reiterated that under California law, " 'a reduced fee award is appropriate when a claimant achieves only limited success,' " *id.* at *11 (quoting *Sokolow v. County of San Mateo*, 213 Cal. App. 3d 231, 249 (1989)) (citations omitted), and noted agreement with federal case law holding that "the extent of a plaintiff's success is a crucial factor" when determining attorneys' fees in civil rights actions, *id.* Accordingly, attorneys' fees must be " 'reasonable in relation to the results obtained.' " *Id.* (quoting *Hensley*, 461 U.S. at 440).

DISCUSSION

I.  Final Settlement Approval

Although members of the class will receive no direct relief, the terms of the settlement are fair, reasonable and adequate. Defendant will provide prospective relief to consumers purchasing HDDs. The agreement was negotiated at arm's length by experienced counsel following mediation. Docket No. 34 (Zysman Dec. of Jan. 11, 2010) ¶ 8. Class Counsel completed sufficient discovery to evaluate the strengths and weaknesses of its case and determined that settlement was appropriate. *Id.* ¶¶ 10 & 25. Notice of the proposed settlement was posted on defendant's website and provided to the Attorney Generals of each State, the District of Columbia and the United States and no objections were received. Docket No. 30 (Commerson Dec.) ¶ 3; Docket No. 31 (Vasquez Dec.) ¶ 4; Zysman Dec. of Jan. 11, 2010 ¶ 21.

II.  Attorneys' Fees and Costs

Plaintiff seeks an award of $220,000, including attorneys' fees and expenses. Docket No. 33 (Motion for Attorneys' Fees) at 2. Although plaintiff's counsel has indicated it incurred $19,355.03 for expenses, plaintiff has not requested a separate award for expenses. *Id.* at 3. Plaintiff has calculated a lodestar amount of $317,480 and then reduced the lodestar by a multiplier of 0.69. Zysman Dec. of Jan. 11, 2010 ¶ 31.

4

A. Fees

1. Lodestar Method

a. Reasonableness of Hours

Class counsel calculated the lodestar amount based on 516.25 hours expended on this action. *Id.* These hours are amply documented and appear reasonable. *See id.*, Exh. A (Timekeeper Time Detail Report).

b. Reasonableness of Hourly Rates

Reasonable hourly rates are determined by reference to the prevailing market rates charged by comparable attorneys in the relevant community. *Davis v. City of S.F.*, 976 F.2d 1536, 1545-46 (9th Cir. 1992) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Generally, the forum district is the relevant community. *See Gates v. Deukmejian*, 987 F.2d 1395, 1405 (9th Cir. 1992). The Northern District of California is thus the relevant community for this action.

Plaintiff's attorneys calculated the lodestar amount based on rates of $750 for the partner attorney, $635 for the associate attorney and $270 for two paralegals. Zysman Dec. of Jan. 11, 2010, Exh. A (Lodestar Calculation). For a variety of reasons, these rates are too high. For example, in *Jacobs v. Cal. State Auto. Ass'n*, No. C-00363, 2009 WL 3562871, at *4 (N.D. Cal. Oct. 27, 2009) (Patel, J.), this court "identified only a single case where a judge awarded an attorney even a rate of $700 per hour." Further complicating the matter, plaintiff's attorneys have submitted little to justify these rates. Regarding the attorneys' experience and skill, plaintiff's attorneys have only provided very brief biographies. *See* Zysman Dec. of Jan. 11, 2010, Exh. B (Firm Biography) at 7. As this court explained in *Jacobs*, such minimal information is inadequate to support the reasonableness of hourly rates. 2009 WL 3562871, at *3-4.

The only other documentation submitted by plaintiff's attorneys to justify their rates consists of four prior attorneys' fees awards in other cases. None of these, however, provide a perfect comparison point. The first, an award to current class counsel from the Central District of California in October 2009, was calculated via the percentage method rather than the lodestar method and is not representative of rates in the San Francisco Bay Area. *See* Zysman Dec. of Jan. 11, 2010, Exh. C

(Order) ¶ 3. The second, an award to current class counsel from Los Angeles Superior Court in December 2009, likewise does not represent rates in the relevant community. *See id.*, Exh. D (Order). In addition, that order does not reveal the calculation method for the fee award of $448,000. *Id.* ¶ 12. It is telling, however, that the award was less than half the lodestar amount, calculated with rates from $460-$750. *See* Lurie Dec. ¶ 61, attached to Zysman Dec. of Jan. 11, 2010, Exh. D. The third, an award to current class counsel from Santa Clara Superior Court in August 2008, may be relevant and reflects hourly rates ranging from $595 to $715. *See* Lurie Dec. ¶ 34, attached to Zysman Dec. of Jan. 11, 2010, Exh. E (Order). The Santa Clara action, brought against Fujitsu, contained virtually identical allegations as the current action. *See id.*, Exh. E (Order) ¶¶ 5 & 11. However, counsel in that action settled the case on considerably more favorable grounds than in the present action, obtaining both coupons for future HDD purchases by class members as well as storage capacity disclosures. *Id.* ¶ 11. Finally, the fourth, an award from the Northern District of California in December 2006, is relevant and reflects rates from $340-$750 for attorneys and $115-$230 for paralegals. *See* Selbin Dec., attached to Zysman Dec. of Jan. 11, 2010, Exh. F (Order). However, that award was not to current class counsel. *Id.*, Exh. F (Order) at 2. In the absence of documentation showing comparable expertise and skill between current class counsel and counsel in that action, the rates in that award cannot be held to represent reasonable rates.

In sum, plaintiff's attorneys, who bear the burden of justifying the reasonableness of their very high rates, have provided the court with only self-opinion, inapposite precedent and minimal information about the attorneys' experience and skill. This documentation is inadequate to demonstrate the reasonableness of the extremely high rates sought by plaintiff's attorneys. Accordingly, the court finds that appropriate rates in the current action should not exceed $650 for the partner attorney, $500 for the associate attorney, and $150 for the paralegals. Application of these rates to the lodestar calculation results in a lodestar amount of $249,462.50. A downward adjustment by the .69 multiplier accepted by counsel would result in a fee amount of $172,129.13.

6

### 2. Percentage-of-the-Recovery Method

In light of the virtually-non-existent results obtained on behalf of the class, the court finds that even the reduced lodestar amount is too high to be considered "reasonable in relation to the results obtained." *See Chavez*, 2010 WL 114941, at *11; *Hensley*, 461 U.S. at 440. Accordingly, the court will cross-check the lodestar against the percentage-of-the-recovery method. The class-recovery in this action is paradigmic of the problems inherent in the lodestar method. Plaintiff's counsel has obtained absolutely nothing for the class of individuals who have *already purchased an HDD* from defendant. The injunctive relief obtained will benefit individuals who purchase such devices *in the future* but provide no reimbursement to individuals previously harmed by defendant's misrepresentation of storage space. The court is particularly concerned about the element of collusion potentially present in the attorneys' fee provision of the parties' settlement agreement; while plaintiff's counsel would receive a substantial fee award and defendants would dispose of time-consuming and expensive litigation, the class will receive virtually nothing beyond the barest nominal relief.

The court acknowledges that a proper common fund is not present in this settlement. However, the court is able to reasonably estimate the settlement value based on the terms agreed by the parties. Considering the questionable merits of plaintiff's claims and the presumably minimal costs that defendant will incur by posting the agreed-upon storage capacity disclosures, the parties appear to value the settlement at $220,000, the only monetary amount established by the parties. Treating this amount as a constructive common fund and applying the benchmark 25%, the percentage-of-the-recovery method yields an attorneys' fee award of $55,000.

In light of the extremely minimal results obtained for the class, the court awards $55,000 in attorneys' fees and costs to plaintiff's counsel.

### B. Plaintiff's Incentive Award

Plaintiff has requested approval of a $1500 incentive award to the class representative. Motion for Attorneys' Fees at 9-10. However, plaintiff has provided only a generic and vague recitation of plaintiff's contributions to the litigation. *See* Zysman Dec. of Jan. 11, 2010 ¶ 39. No

7

details are provided about the amount of time plaintiff dedicated to the action. Accordingly, the court finds the requested incentive award of $1500 to be unjustified. Instead, the named class representative shall receive an award of $500.

## CONCLUSION

Plaintiff's motion for final approval of settlement is GRANTED. Plaintiff's motion for attorneys' fees and costs is also GRANTED. Attorneys' fees and costs shall be awarded in the amount of $55,000.00. An incentive award shall be awarded to the named class representative in the amount of $500.

IT IS SO ORDERED.

Dated: March 12, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

8

## **ENDNOTES**

1. For at least two years following the effective date of the settlement, packaging on HDDs sold to retail customers will display one of the following disclosures: "One gigabyte is equal to one billion bytes and one TB equals 1,000 GB (one trillion bytes). Accessible capacity will vary from the stated capacity due to formatting and partitioning of the hard drive, the computer's operating system, and other factors" or "One gigabyte (GB) is equal to one billion bytes when referring to hard drive capacity. Accessible capacity will vary depending on the operating environment and formatting." Settlement ¶ 5.1. For at least two years following the effective date of the settlement, any owner's manual for HDDs sold in retail product packaging will contain the following disclosure (or substantially similar language): "One gigabyte is equal to one billion bytes and one TB equals 1,000 GB (one trillion bytes). Accessible capacity will vary from the stated capacity due to formatting and partitioning the hard drive, the computer's operating system, and other factors." Settlement ¶ 5.2. A substantially similar disclosure will be placed on defendant's Retail Products webpages. *Id.*